Curia, per

Withers, J.
Stephen A. Kittles, the plaintiff, placed his right to a negro, Isaac, on a bill of sale by his mother, Mary, dated in 1843. The defendant, R. N. Kittles, opposed this claim of right, by adducing a deed executed by the mother, Mary, dated in 1845, by which she conveyed the negro Isaac to Henry D. Kittles for life, remainder over. The defendant likewise attacked the plaintiff’s bill of sale as fraudulent, as having been, in fact, executed after the deed of 1845, and fraudulently antedated. In the course of the evidence, the defendant was *424 denied, at the plaintiff’s instance, the right to introduce the declarations of Mary, the mother, made after the date of the bill of sale of 1843, to impeach its validity. That ruling it is, on all hands, conceded was right. Mary Kittles, or one occupying her position, could not thus impeach her written contract. In the further progress of the trial, the plaintiff, in his turn, wished to introduce the declarations of the mother, in support of his bill of sale, and against her deed of 1845; and, as we learn from the report, such declarations were excluded for the same reason that shirt out those previously tendered. Now we infer from this, that the supposed declarations offered by the plaintiff, were made after the date of the deed of 1845; since they are described to have been such as were presumed to support the bill of sale and attack the deed. Nothing in the brief or in the recollection of the Circuit Judge, or of the attornies who argued the case here, fixes the date of the declarations more precisely.
We have, then, a case where adverse claimants of the same property, derive their title to it from the same person, through the medium of written transfers bearing different dates. The question must be taken to be, whether the Circuit Judge was right in excluding the declarations of the common grantor, (so to call the mother Mary) made after both conveyances were executed, expected to support that of prior date, and assail that subsequent.
There is no doubt that the declarations of a vendor, assignor, and so forth, of personal property, made before he parts with his interest, are legitimate evidence, for one claiming adversely, against the vendor, or against him who claims the same title.— The rule is well settled, whether every reason that has been assigned for it be unassailable or not. But such evidence, after the conveyance of the title, is not admissible, whether to support the conveyance or to overthrow it. If the fact had appeared that the declarations imputed to Mary Kittles, the vendor, had been ,made in support of the plaintiff’s paper title, after its date and before the deed of 1845, (the last of which conveyed the property to another,) we should have had a different question from that now to be decided. In that case the plaintiff would *425 have been seeking to adduce declarations that would have operated against the subsequent conveyance of 1845, and if his title had sprung from another source, would have been clearly admissible against the deed which was set up against him. At the same time, however, it would not have escaped observation, that the same evidence, as the case before us shews, would have been obnoxious to the objection, that the declarations were after the plaintiff’s bill of sale, and in support of it. It would be plausible to say, therefore, that if one rule of law commended the testimony as competent, another looked unfavorably upon it. We will not say that such declarations might not have been admissible, as being against the interest of the party making them.— Indeed the cases are to that effect. If. however, the party pressing the admission of the declarations, has left it even doubtful whether they were intermediate, or were subsequent to the deed of 1845, they ought to be excluded for the very uncertainty, provided it be true that they were not receivable, if made at a period subsequent to the deed of 1845.
As already remarked, the report leads us to conclude that they were made at such subsequent period: so the inquiry is, whether they were receivable. It needs no argument to shew that they were not. The general principle, heretofore stated, shews that they must be incompetent. The very reason which moved the plaintiff, successfully, to oppose such evidence as against his title, operated as strongly to fortify the defendant in the same position, while the plaintiff had the additional obstacle to encounter, that the declarations he offered by his vendor, were not only after the date of his title, but in support of it.
The motion is refused.
O’Neall, Evans, Wardlaw, Frost and Whitc-er, JJ. concurred.

Motion refused.